**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Parsons, | No. CV-17-00504-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Mark D Napier, et al., | |
| Defendants. | |

This case arises out of a sheriff's levy and sale of certain property of Plaintiff David Parsons. Parsons alleges that Pima County Sheriff Mark D. Napier, the only remaining defendant in this action,[1] failed to comply with state statutes when seizing Parsons's assets, and by, failing to comply, violated Parsons's Fourteenth Amendment Due Process rights. Now pending before the Court is the Sheriff's Motion to Dismiss for failure to state a claim. (Doc. 34.) The Motion is fully briefed, and the parties filed supplemental briefs as directed by the Court. (Docs. 34, 35, 36, 37, 38, 39.) The matter came on for hearing on August 31, 2018. For the following reasons, the Court will grant Defendant's Motion.

//

---

[1] Sheriff Napier notes that Parsons "has not named the proper individuals [who] would have personally participated in the alleged constitutional violation." (Doc. 34 at 5 n. 3.) "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Rather, a plaintiff must establish that each individual "Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Sheriff Napier, however, does not raise the issue as part of his instant motion to dismiss because that matter would require reference to materials outside the pleadings. (Doc. 34 at 5 n.3.)

**Background**

According to Plaintiff Parsons's Second Amended Complaint (SAC),[2] Parsons and Wrightson Enterprises LLC ("Wrightson") have been involved in ongoing legal disputes since 2014, related to ownership and control of a subdivision in Santa Cruz County, its homeowner association, and the domestic water improvement district that serves the subdivision. Parsons alleges that, as part of an effort to gain leverage over him for the legal dispute, Wrightson purchased a $400,000 judgment domesticated by the Arizona Superior Court against Parsons, and obtained a Writ of General Execution for the judgment from the same court.

Parsons's pending § 1983 claim against the Sheriff arises out of the Sheriff's levy and September 27, 2017 auction of Parsons's corporate shares in Conservation Properties, Inc. (CPI), and the Sheriff's August 9, 2017 Notice of Levy of three of Parsons's partnership interests. Parsons alleges that the Sheriff violated Arizona state statutes when he sold Parsons's shares in CPI without seizing the stock certificate as required by A.R.S. § 47-8112(A); displaying the stock certificate at the auction as required by A.R.S. § 12-1622(D); waiting for a judgment debtor examination under Ariz. R. Civ. P. 69; and requiring Wrightson to obtain an injunction to obtain physical custody of the stock certificate under A.R.S. § 47-8112(E). Parsons also alleges that, pursuant to A.R.S. § 29-1044(A), a court order was necessary to levy against the partnership interests. Parsons filed this action pursuant to 42 U.S.C. § 1983 asserting that the Sheriff's failure to comply with the Arizona statutes amounted to a violation of Parsons's due process rights under the Fourteenth Amendment to the U.S. Constitution.[3]

The Sheriff moves to dismiss the Second Amended Complaint, pursuant to Rule

---

[2] The allegations contained in the background section are taken from Plaintiff's SAC. (Doc. 30.) In evaluating the pending Motion, the Court takes all factual allegations contained in the SAC as true and construes them in the light most favorable to Plaintiff. *See Keates v. Koile,* 883 F.3d 1228, 1234 (9th Cir. 2018).

[3] Parsons acknowledges that the security certificate at issue with respect to the CPI stock has now been levied in compliance with Arizona law and sold, and the notice of levy of the partnership interests has been released. (Doc. 30 ¶¶ 25, 39). These actions occurred after the filing of this action. (*Id.* at 39.)

12(b)(6), Fed. R. Civ. P., advancing two arguments: (1) the complaint fails to allege facts supporting a constitutional violation or a specific injury, and (2) the Sheriff is entitled to qualified immunity. Success on either ground would result in dismissal of this action. The Court concludes that the Sheriff is entitled to qualified immunity and therefore does not reach the additional ground for dismissal.

**Standard**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations and internal quotations omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 570. Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." *Id.* at 569; *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). When assessing the sufficiency of the complaint, all factual allegations are taken as true and construed in the light most favorable to the nonmoving party, *Keates,* 883 F.3d at 1234, and all reasonable inferences are to be drawn in favor of that party as well. *Caltex Plastics, Inc. v. Lockheed Martin Corp.,* 824 F.3d 1156, 1159 (9th Cir. 2016).

**Qualified Immunity**

To prevail under 42 U.S.C. § 1983, a plaintiff must prove that he was "'deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.'" *Marsh v. County of San Diego*, 680

F.3d 1148, 1152 (9th Cir. 2012) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). If a plaintiff fails to show that the federal right was "clearly established" at the time of the violation, government officials are entitled to qualified immunity. *Id.* (citing *Davis v. Scherer*, 468 U.S. 183 (1984)). Qualified immunity shields government officials from civil liability unless a plaintiff establishes that: (1) the official violated a constitutional right; and (2) that right was "clearly established" at the time of the challenged conduct. *Morales v. Fry*, 873 F.3d 817, 821 (9th Cir. 2017) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 741 (2011)). The Court may address the two qualified immunity prongs in whichever order would expedite resolution of the case. *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 236–39 (2009)). The Supreme Court has observed that it is frequently "quick[er] and easi[er]" to determine whether a constitutional right was clearly established than whether it was violated. *Pearson*, 555 U.S. at 236–39.

"'Clearly established' means that, at the time of the officer's conduct, the law was 'sufficiently clear' that every 'reasonable official would understand that what he is doing' is unlawful." *District of Columbia v. Wesby,* 138 S. Ct. at 589 (2018) (quoting *al-Kidd*, 563 U.S. at 741). In other words, existing law must have placed the constitutionality of the officer's conduct "beyond debate." *Id.*, 138 S. Ct. at 589. In *Wesby*, the Supreme Court reiterated:

> To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent. The rule must be "settled law," which means it is dictated by "controlling authority" or "a robust 'consensus of cases of persuasive authority.'" It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply. Otherwise, the rule is not one that "every reasonable official" would know.
>
> The "clearly established" standard also requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him. The rule's contours must be so well defined that it is "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." This requires a high "degree of specificity." We have repeatedly stressed that courts must not "define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." A rule is too general if the unlawfulness of the officer's conduct "does not follow immediately from the conclusion that [the rule] was firmly established."

*Id.* at 589-90 (internal citations omitted). "The plaintiff bears the burden to show that the contours of the right were clearly established." *Clairmont v. Sound Mental Health,* 632 F.3d 1091, 1109 (9th Cir. 2011). Unless a complaint states a claim of a violation of clearly established law, the defense of qualified immunity entitles a defendant to dismissal before discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

The Court concludes that the Sheriff is entitled to qualified immunity.[4] Parsons argues adamantly and repeatedly that Sheriff Napier knowingly violated Parsons's constitutional rights by violating Arizona statutes after being warned by Parsons of the potential violation of the statute. Parsons argues that the Sheriff acted knowingly, or if he did not know his actions were illegal, that he was plainly incompetent in seizing property that he was expressly forbidden by statute from seizing. (Doc. 35.) But the Sheriff's alleged violation of state statutes is insufficient to establish a violation of clearly established law.

The Due Process Clause forbids governmental deprivation of substantive rights without constitutionally adequate procedure. *Power Road-Williams Field LLC v. Gilbert,* 14 F. Supp. 3d 1304 (D. Ariz. 2014) (citations omitted). But not every state law procedural requirement creates a substantive property interest entitled to protection under the Due Process clause. *Id.* Although Parsons suggests that the Arizona statutes are coextensive with Due Process,[5] he fails to cite any authority in support of that conclusion or to analyze the state statutes under the framework for determining whether a state statute creates a protected interest.[6] It is insufficient, for a section 1983 claim, to simply allege that the

---

[4] Whether the right is "clearly established" is a question of law that only a judge can decide. *Morales,* 873 F.3d at 821.

[5] Parsons argues that all of the procedures established by the Arizona statutes provide for judicial proceedings supervised and decided by judicial officers and thus protect against the precise danger the Supreme Court warned about in *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972): seizure of property merely on application by and for the benefit of a private party.

[6] "State law can create a right that the Due Process Clause will protect only if the state law contains (1) substantive predicates governing official decisionmaking, and (2) explicitly mandatory language specifying the outcome that must be reached if the

right was clearly established by the state statute. *Marsh,* 680 F.3d at 1159. "It must be clear that the state law created a right protected by the Constitution. The state statute, on its own, could not do that." *Id.*

More importantly, even if the Arizona statutes did create a federally protected right, Parsons fails to identify any clearly established precedent that would have informed the Sheriff that his conduct would violate, not the state statute, but Parsons's Fourteenth Amendment Due Process rights. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972), does not provide such notice. *Fuentes* involved replevin statutes in Pennsylvania and Florida which permitted ***pre-judgment*** seizure of property without any notice to the owner or a meaningful opportunity to be heard. Creditors invoked the replevin statutes to cause the seizure of items purchased under conditional sales contracts that were allegedly breached. Importantly, although the Court concluded that the "replevin provisions work[ed] a deprivation of property without due process of law insofar as they deny the right to a prior opportunity to be heard before chattels are taken from their possessor," the Court did not "question the power of a State to seize goods before a final judgment in order to protect the security interests of creditors so long as those creditors have tested their claim to the goods through the process of a fair prior hearing." *Fuentes,* 407 U.S. at 96 (footnote omitted). Unlike *Fuentes,* Plaintiff's case does not involve a prejudgment seizure. Instead, the seizures alleged here were made in satisfaction of a judgment previously entered against Parsons, and after a Court's issuance of a Writ of Execution. Nor is there is any allegation of lack of notice to Plaintiff regarding the levies and stock sale.

In sum, Parsons fails to show that under clearly existing precedent, a reasonable officer would understand that violation of the Arizona statutes equated to a violation of Parsons's constitutional rights. Parsons's reliance on state law and Supreme Court precedent pertaining to the notice and opportunity to be heard with respect to prejudgment seizures

---

substantive predicates have been met." *Marsh,* 680 F.3d at 1155 (internal quotation marks and citation omitted).

is insufficient to defeat Defendant's qualified immunity defense.  Therefore,

IT IS ORDERED that Defendant's Motion to Dismiss (Doc. 34) is GRANTED.

The Clerk of Court is directed to enter judgment accordingly and to close the file in this matter.

Dated this 29th day of January, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge